**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald J. Weiss, ) | No. CV 07-2621-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joy Rich, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

All Defendants have moved to dismiss this case, most pursuant to a motion to dismiss filed at Docket # 21 and the remaining two pursuant to a motion to dismiss filed at Docket # 20. Both of these motions were filed on January 17, 2008. On February 15, 2008, believing Plaintiff had failed to file timely responses to the pending motions to dismiss,[1] Defendants moved for summary disposition of the motions pursuant to Local Rule of Civil Procedure 7.2(i). Plaintiff has failed to respond to both the motions to dismiss and the motions for summary disposition.

---

[1] Defendants' motions for summary disposition were actually premature. Defendants mistakenly believed that Plaintiff's responses were due within ten days after serving their motions (by January 31, 2008). However, because Defendants moved for dismissal at least in part pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Plaintiff's responses were not due until thirty days after service of the motions (by February 19, 2008). See LRCiv. 7.2(c), 12.1(b), 56.1(d).

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i). Ignorance of this rule is no excuse: "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Before dismissing a case for failure to abide by a local rule, however, the Court "is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first, second, and third factors all weigh in favor of dismissing this case. The first factor "always favors dismissal" and thus does so in this case. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor usually favors dismissal, *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), and this case is no exception to that rule. Plaintiff has completely failed to respond to a dispositive motion even after Defendants warned him of the possible consequences of this failure in their motions for summary disposition. Finally, with respect to the third factor, the Court finds that Plaintiff's refusal to respond causes Defendants to suffer prejudice. Defendants have taken timely action to address the issues in this case and to reduce the cost of this litigation. Plaintiff's failure to respond frustrates those efforts and will continue to do so unless this Court dismisses the case. *See, e.g.*, *Perez v. Southwest Airlines*, No. 07-1273-PHX-DGC, 2008 WL 853609 (D. Ariz. Mar. 27, 2008). Accordingly, the Court will deem Plaintiff's failure to respond to be consent to the granting of Defendants' motions to dismiss.[2] *See Wystrach v.*

---

[2] Indeed, considering that Plaintiff refused to respond even after Defendants warned him that such a refusal could result in dismissal, one wonders whether the reason Plaintiff remains silent is because he cannot, in good faith, dispute the merits of Defendants' arguments.

1 *Ciachurski*, No. 05-16668, 2008 WL 467692, at *1-2 (9th Cir. Feb. 20, 2008) (upholding a
2 dismissal under Rule 7.2(i) where the first three factors all weighed in favor of dismissal).

3 **IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss (Doc. ## 20-
4 21) are **GRANTED**. The Clerk of the Court shall enter judgment accordingly and close this
5 case;

6 **IT IS FURTHER ORDERED** that all other pending motions (Doc. ## 3-5, 22-23)
7 are **DENIED** as moot.

8 DATED this 21st day of April, 2008.

James A. Teilborg
United States District Judge